**Electronically Filed
Intermediate Court of Appeals
30337
17-MAY-2012
10:45 AM**

NO. 30337

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
TERRANCE E. ATWOOD, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0635(4))


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

In this interlocutory appeal, Defendant-Appellant Terrance E. Atwood (**Atwood**) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Dismiss Count One (**Order Denying Dismissal**), filed on December 16, 2009, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]

In an Indictment filed on October 12, 2007, Atwood was charged with two counts, including Theft in the First Degree, by deception, in violation of Hawaii Revised Statutes (**HRS**) § 708-830.5(1)(a) (Supp. 2010), and with intent to deprive the complainant of property, the value of which exceeded $20,000.00 (**Count One**), as follows:

> That during or about the period of May 14, 2006, through February 26, 2007, inclusive, in the Court of Maui, State of Hawaii, TERRANCE E. ATWOOD did obtain or exert control over the property of another, to wit, Jenwei Luu and

[1] The Honorable Richard T. Bissen, Jr. presided.

My Thi Do, to wit, United State [sic] Currency, the value of which exceeded Twenty Thousand Dollars ($20,000.00), by deception and with the intent to deprive Jenwei Luu and My Thi Do of the property, thereby committing the offense of Theft in the First Degree in violation of Section 708-830.5(1)(a) of the Hawaii Revised Statutes.

On October 28, 2009, Atwood filed a motion to dismiss Count One. After a hearing, the Circuit Court denied Atwood's motion and issued the Order Denying Dismissal. Atwood was permitted to file this interlocutory appeal.

In his points of error on appeal, Atwood contends the Circuit Court erred in denying his motion to dismiss Count One because: (1) the Circuit Court failed to consider or require the mens rea necessary for theft by deception; and (2) the testimony provided to the grand jury was insufficient to establish probable cause because the evidence failed to establish the mens rea necessary for theft by deception. Atwood also contends that contractors are regulated pursuant to HRS Chapters 436, 436B, and 444, and, therefore, should not be criminally prosecuted under the Hawaii Penal Code for Theft in the First Degree for activities subject to such regulation.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Atwood's contentions as follows:

The applicable standard for our review is as follows:

A grand jury indictment must be based on probable cause. Probable cause is established by a state of facts as would lead a person of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.

In reviewing the sufficiency of the evidence to establish probable cause before the grand jury, every legitimate inference that may be drawn from the evidence must be drawn in favor of the indictment and neither the trial court nor the appellate court on review may substitute its judgment as to the weight of the evidence for [that of] the Grand Jury.

The evidence to support an indictment need not be sufficient to support a conviction.

2

State v. Yip, 92 Hawai'i 98, 105, 987 P.2d 996, 1003 (App. 1999) (internal quotation marks and citations omitted).

HRS § 708-830.5(1)(a) provides:

§ 708-830.5 **Theft in the first degree.** (1) A person commits the offense of theft in the first degree if the person commits theft:

(a) Of property or services, the value of which exceeds $20,000;

Theft is defined, in relevant part, as:

§ 708-830 **Theft.** A person commits theft if the person does any of the following:
. . . .

(2) Property obtained or control exerted through deception. A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property.

HRS § 708-800 further provides that:

"Deception" occurs when a person knowingly:

(1) Creates or confirms another's impression which is false and which the defendant does not believe to be true;

(2) Fails to correct a false impression which the person previously has created or confirmed;

(3) Prevents another from acquiring information pertinent to the disposition of the property involved;

(4) Sells or otherwise transfers or encumbers property, failing to disclose a lien, adverse claim, or other legal impediment to the enjoyment of the property, whether that impediment is or is not valid, or is or is not a matter of official record; or

(5) Promises performance which the person does not intend to perform or knows will not be performed, but a person's intention not to perform a promise shall not be inferred from the fact alone that the person did not subsequently perform the promise.

The term "deception" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed. "Puffing" means an exaggerated commendation of wares

or services in communications addressed to the public
or to a class or group.

The Circuit Court's use of civil contract law was error, as Atwood argues. However, such error was harmless because the Circuit Court properly found that probable cause to indict Atwood existed based on the fact that Atwood misrepresented that he was a licensed contractor, Atwood misrepresented his prior work, Luu relied on Atwood's misrepresentation, and Luu paid Atwood money for the project which cost $95,930.00. The evidence before the Grand Jury and every legitimate inference drawn from that evidence demonstrates that Atwood obtained $95,930.00 by deception of Luu with intent to deprive Luu of the money. Atwood knowingly created an impression that he was a licensed contractor by stating that he was a licensed contractor. Based on Atwood's misrepresentation of being a licensed contractor, Luu agreed to hire Atwood. Luu then gave Atwood money, totaling $95,930.00. There was sufficient evidence to indict Atwood for Theft in the First Degree. Yip, 92 Hawai'i at 105, 987 P.2d at 1003.

Atwood argues that under section 5 of the definition of deception in HRS § 708-800, he cannot be indicted for Theft in the First Degree because he only failed to perform a contractual obligation and there was no proof that he did not intend to perform the contract when it was made. However, this argument ignores sections 1 and 2 of the definition of deception which prohibits creating or confirming an impression which is false. The fact that a contract may have been formed does not foreclose criminal liability for other means of deception as specified by HRS § 708-800. Any contract and subsequent performance under the contract can be viewed as a furtherance of a continuous theft offense; Atwood obtained more money from Luu by performing some work and then requesting additional money. HRS § 708-801(6) (amounts involved in thefts committed pursuant to one scheme or

course of conduct may be aggregated in determining the class or grade of the offense); State v. Stenger, 122 Hawai'i 271, 289, 226 P.3d 441, 459 (2010) (theft by deception may be a continuing offense) (citing State v. Martin, 62 Haw. 364, 616 P.2d 193 (1980)). Therefore, evidence that Atwood did not intend to perform the contract at the time it was made is not required to indict Atwood for Theft in the First Degree under the theory asserted by the prosecution.

Atwood's claim that HRS Chapters 436, 436B, and 444 prohibit prosecution of Theft in the First Degree, by deception, is without merit. HRS Chapter 436 regarding Abstract Makers was repealed in 1977 and is not relevant to this case. Atwood points to HRS § 436B-26.5, which provides for imposition of a civil fine, HRS § 444-22, which prohibits an unlicensed contractor from recovering for work or material performed, and HRS § 444-23.5, which allows for forfeiture of property used by an unlicensed person, to argue that civil remedies for unlicensed contractor work are adequate. However, provisions of HRS Chapters 436B and 444 specify that they are in addition to criminal actions. HRS § 436B-26.5(j) (sanctions authorized are separate from and in addition to other civil and criminal remedies as provided by statute); HRS § 444-36 (regulated industries complaints office shall report criminal violations of the chapter to the county prosecutor's office or department of the attorney general).

Atwood also points out that under HRS § 436B-27(b), an unlicensed contractor who engages in activity requiring a license is guilty of a misdemeanor, as evidence that he cannot be prosecuted for theft by deception. We reject this argument. In State v. Brown, 108 Ohio App.3d 489, 671 N.E.2d 280 (1995), the court held that prosecution for theft by deception was not barred by a statute that prohibited a person from holding himself out as an attorney that was not licensed to practice law. 108 Ohio App.3d at 493, 671 N.E.2d at 282. The court in Brown reasoned

that the statute defining theft by deception had an additional element of obtaining money by deception which was not present in the statue barring false representation as an attorney. <u>Id.</u> at 493-94, 671 N.E.2d at 282-83.

Similarly, Theft in the First Degree, by deception, pursuant to HRS §§ 708-830.5 & 708-830(2), requires obtaining or exerting control over property of another by deception, something that is not required to establish a violation of HRS Chapters 436B or 444. Therefore, Atwood may be indicted for Theft in the First Degree, by deception.

Accordingly, the Circuit Court's December 16, 2009 Order Denying Dismissal is affirmed.

DATED: Honolulu, Hawai'i, May 17, 2012.

On the briefs:

David A. Sereno
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge